I concur with the majority opinion. However, I write because I believe this Court should be clear in the precedent we are setting. I do not believe a reversal in this case can be justified without overruling Hollis v. Southern Ry.,667 So.2d 727 (Ala. 1995). Hollis correctly states that this Court has adopted § 339, Restatement (Second) of Torts (1965), as the legal standard for imposing liability on a landowner for harm to children that have trespassed onto the landowner's property.Hollis correctly states that § 339(c) does not impose liability on a landowner for the landowner's not protecting children "against harm resulting from their own immature recklessness in the case of known and appreciated danger." 667 So.2d at 732 (quoting cmt. m).
The evidence in this case cannot support a finding that Eric Ricketts did not appreciate the danger he was facing. The danger of falling from a great height is obvious even to a normal 14-year-old. Eric Ricketts was a normal 14-year-old, and the record contains no evidence to support a finding that he did not fully appreciate the danger he was facing. This Court should openly state that it is modifying the Court's adoption of Restatement § 339(c) to include a limited duty of landowners to guard against children's harming themselves through their own immature recklessness. The duty would be limited by the other factors present in Restatement § 339(a),(b),(d), and (e).
This duty should be further limited to cases like the present one, where the landowner had knowledge that children had committed, and were likely to continue to commit, dangerous, immature acts on the property. Further, this duty is imposed only in cases where the landowner easily and with little burden could have eliminated the risk that children would harm themselves through immature, reckless acts that were related to the nature of the artificial condition upon the land. The reason for this duty is the known tendency of many children to carry out reckless acts and the fact that many of the harms resulting from these acts can be easily prevented at a very low cost.
Liability would be imposed only where the landowner does not have a valid affirmative defense. In this case, Norfolk Southern could easily have erected barricades and prevented this tragic event. The defendant claims that federal law prevented it from putting up the barricades. This is an issue the trial court needs to settle; however, the plaintiff should be allowed to fully present the evidence that contradicts the defendant's claim that Interstate Commerce Commission regulations prevented the barricading of the railroad.
The trial judge correctly followed the precedent set byHollis, supra. However, this Court should openly state that by today's decision it is increasing the duty owed by landowners, so they may be placed on notice. The jury should decide whether liability is *Page 1108 
appropriate in this case. A clear standard will prevent needless litigation as to the duty of landowners in future cases of this type.